United States District Court
Southern District of Texas
**ENTERED**
December 02, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| TINA MARIE TREVINO, § | |
| Movant, § | |
| § | |
| v. § | Case No. 1:16-cv-296 |
| § | (Criminal No. 1:14-cr-443-1) |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Tina Marie Trevino's pro se "Motion Under 28 U.S.C. § 2255 to Vacate Set Aside Sentence" (hereinafter, Trevino's "Motion"). Dkt. No. 1. For the reasons provided below, Trevino's Motion fails to state a cognizable § 2255 claim. Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the undersigned recommends that Trevino's § 2255 Motion be summarily dismissed with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

### I. Jurisdiction

This Court has jurisdiction over Trevino's § 2255 Motion pursuant to 28 U.S.C. § 1331 and § 2255.

### II. Background and Procedural History

On November 5, 2014, Trevino pleaded guilty to possession with intent to distribute a quantity more than fifty grams, that is, approximately 115.94

kilograms of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. *See United States of America v. Tina Marie Trevino*, No. 1:14-cr-443-1, Dkt. No. 112 at 1.[1] On March 3, 2016, Senior United States District Judge Hilda Tagle sentenced Trevino to 75 months of imprisonment, and five years of supervised release with special conditions. *Id.* at 2-4. Judgment was entered on March 31, 2016. *Id.* at 1. Trevino did not file a direct appeal. Dkt. No. 1 at 2. Trevino filed her Motion on November 4, 2016. Dkt. No. 1 at 13.[2]

### III. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been

---

[1] Hereinafter, Trevino's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2] A pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. *See generally* FED. R. APP. P. 4(c)(1); *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992). Trevino indicates that she placed her Motion in the prison mailing system on November 4, 2016. Dkt. No. 1 at 13. Therefore, the Court considers the Motion filed on that date.

raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### IV. Discussion

In her Motion, Trevino contends that she is entitled to receive the benefit of Amendment 794 to the United States Sentencing Guidelines (hereinafter, "U.S.S.G"). Dkt. No. 1 at 4-5,7. Amendment 794 revised the commentary to U.S.S.G. § 3B1.2, which provides for mitigating role adjustments for the "substantially less culpable than average participant." U.S.S.G. § 3B1.2, cmt. n. 3(A) (2014). The United States Sentencing Commission drafted Amendment 794 to make it clear that, when determining whether a defendant played a minor or minimal role in the subject criminal activity, the district court should compare the defendant to the other co-participants in the criminal activity, as opposed to the "universe of persons participating in similar crimes." *United States v. Gomez-Valle*, 828 F.3d 324, 329 n. 23 (5th Cir. 2016) (quoting U.S.S.G. app. C, amend. 794, at 116–18 (Supp. Nov. 1, 2015) (internal citations and quotation marks omitted). Amendment 794 also revised the commentary to § 3B1.2 in other ways. Specifically, the Amendment:

> "revise[d] the commentary to emphasize that the fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative and that such a defendant may receive a mitigating role adjustment, if he or she is otherwise eligible." . . . Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should consider in determining whether to apply a mitigating role adjustment. In addition, Amendment 794 provides that "a defendant who does not have a proprietary interest in the criminal activity and

> who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline."

*Id.* at 329–30 (citations omitted, formatting altered)

Trevino argues that the Court should apply Amendment 794 retroactively to allow her to receive a reduction in her sentence. Dkt. No. 1 at 4-5, 7. In support of her argument, Trevino states that "[t]he degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority should be considered due to the nation of defendant's involvement." *See* Dkt. No. 1 at 4-5. Trevino's supplemental filing does not provide further support of her claims, stating that she will file a supplemental brief within 60 days from the filing of her Motion. *See* Dkt. 1-1 at 1. Trevino does not allege additional facts indicating that applying Amendment 794 in her case would be in the interests of justice or otherwise appropriate. *See* Dkt. No. 1.

The argument contained in Trevino's Motion, however, is not applicable to her case. Trevino argues for the retroactive application of Amendment 794, but Amendment 794 became effective on November 1, 2015,[3] over four months before the Court sentenced Trevino. *See* CR Dkt. No. 112 at 1. Trevino's presentence investigation report ("PSR") stated that Trevino should receive an additional three-level enhancement based upon her role in the offense. CR Dkt. No. 53 at ¶ 35. The Court applied the enhancement and adopted that portion of the PSR, which indicated that Trevino was a managerial participant in the offence, as opposed to a

---

[3] *Gomez-Valle*, 828 F.3d 324, 327 n.3 (citing the "Sentencing Guidelines for United States Courts, 80 Fed. Reg. 25,782, 25,782 (May 5, 2015)").

minor or average participant. *See id.* at ¶¶ 9-25. There is no evidence in the record to suggest that Trevino was prevented from taking advantage of Amendment 794's provisions, had the facts of her case justified their application.

More importantly, for purposes of stating a claim, a federal prisoner may only obtain relief under § 2255 if their "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A prisoner may not attack a court's technical application of the sentencing guidelines in a § 2255 motion because such a claim is not cognizable under 28 U.S.C. § 2255. *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992) (per curiam) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue."); *United States v. Arias-Lopez*, No. CA C-12-148, 2013 WL 628694, at *4 (S.D. Tex. Feb. 19, 2013) ("A court's technical application of the sentencing guidelines is not cognizable in a § 2255 motion.") (citations omitted). Thus, to the extent Trevino is seeking relief pursuant to § 2255, her motion is subject to dismissal because she has failed to state a cognizable claim.

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether

(or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Trevino has not made a substantial showing of the denial of a constitutional right.

### VI. Recommendation

For the foregoing reasons, Trevino's Motion fails to state a cognizable § 2255 claim. Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the undersigned recommends that Trevino's § 2255 Motion (Dkt. No. 1) be summarily dismissed with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of

appealability.

## VII.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 2nd day of December, 2016.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**