United States District Court
Southern District of Texas
**ENTERED**
January 10, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TINA MARIE TREVINO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-cv-296 |
| | § | (Criminal No. 1:14-cr-443-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### ORDER ADOPTING MAGISTRATE
### JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the "Magistrate Judge's Amended Report and Recommendation" (Docket No. 9)[1] in the above-captioned case. The Magistrate Judge's Amended Report and Recommendation (hereafter "Amended R&R") recommends that Tina Marie Trevino's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Docket No. 1) be dismissed with prejudice because Trevino (hereafter "Petitioner") fails to state a cognizable § 2255 claim. Docket No. 9 at 1. For the reasons stated below, the Magistrate's Amended R&R (Docket No. 9) is **ADOPTED** and Petitioner's § 2255 motion (Docket No.1) is **DISMISSED**.

On January 3, 2017, Petitioner timely filed her objections to the Magistrate's Amended R&R. In Petitioner's "Response Towards Recommendation" (Docket No. 12), she argues that "given the involvement of the [Petitioner] in the criminal activity[,] the [Petitioner] feels she is entitled towards relief." Docket No. 12 at 2. The Court interprets this vague statement to incorporate Petitioner's "Response Towards Recommendation of

---

[1] The Magistrate Judge filed the Amended R&R to correct a transcription error in the Original Report and Recommendation. Prior to the correction, the Petitioner filed her "Response Towards Recommendation of the Pending 28 U.S.C. § 2255" (Docket No. 8), objecting to the Original Report and Recommendation.

the Pending 28 U.S.C. § 2255" (Docket No. 8), which argues that the Sentencing Court failed to apply a "minor role" reduction to her case and that Amendment 794 3B1.2 applies retroactively to cases on direct appeal. Docket No. 8 at 2.

First, Petitioner argues that she was not considered for a "minor role" reduction, as permitted by Amendment 794. Docket No. 8 at 2. The conviction record indicates otherwise. Petitioner's Presentence Report (hereafter "PSR") recommended that Petitioner be assessed a three-level enhancement for being a manager/supervisor in the criminal activity for which she was charged. *United States of America v. Tina Marie Trevino*, No. 4:14-cr-443-1, Docket No. 69 at 8.[2] The Sentencing Court rejected the PSR's three-level enhancement. CR Docket No. 113. Thus, the Sentencing Court considered Petitioner's level of culpability and concluded that she was neither a manager nor a minor participant.

Furthermore, Petitioner's challenge to the Court's finding that she was an average participant does not give rise to a cognizable § 2255 claim. A court's technical application of the sentencing guidelines does not give rise to a cognizable § 2255 claim. *United States v. Arias-Lopez*, No. CA C-12-148, 2013 WL 628694, at *4 (S.D. Tex. Feb. 19, 2013); *see also United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curium) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue."). Thus, Petitioner's first argument fails.

Second, Petitioner argues that Amendment 794 applies retroactively to cases on direct appeal. Docket No. 8 at 2. Whether or not Amendment 794 applies on direct appeal is not relevant to Petitioner's case. Petitioner is collaterally challenging her conviction under 28 U.S.C. § 2255. Moreover, Petitioner was sentenced on March 3, 2016— several

---

[2]    Hereafter Petitioner's criminal case docket entries will be referred to as "CR Docket No."

months after Amendment 794 took effect on November 1, 2015. Docket No. 1 at 1. Thus, Petitioner's second argument fails.

Therefore the Magistrate Judge's Amended R&R (Docket No. 9) is **ADOPTED**. It is further **ORDERED**, **ADJUDGED**, and **DECREED** that Petitioner's § 2255 motion (Docket No. 1) is **DISMISSED** with prejudice. A certificate of appealability shall not issue.

The Clerk is **ORDERED** to close this case.

Signed on this ___9th___ day of __January__, 2017.

_____
Rolando Olvera
United States District Judge